UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RANK GROUP LIMITED,                          :   No. 12 cv 3769 (GBD) (MHD)
                                             :
              Plaintiff,            :
                                             :   ECF Case
  - against -                               :
                                             :
ALCOA INC.,                                  :   **DEFENDANT ALCOA INC.'S**
                                             :   **ANSWER AND AFFIRMATIVE**
              Defendant.            :   **DEFENSES**
                                             :
------------------------------------------------------------X

       Defendant Alcoa Inc. ("Alcoa") hereby responds to the allegations set forth in the Complaint[1] filed by Plaintiff Rank Group Limited ("Plaintiff") as follows:

## NATURE OF THE CASE

       1.     The allegations in paragraph 1 state legal conclusions to which no response is required. To the extent a response is required, denied.

       2.     Admitted in part, denied in part. Alcoa admits only that the Business had subsidiaries and operations around the world. The remainder of the allegations in paragraph 2 purport to summarize and characterize the terms of the Acquisition Agreement, and, therefore, the allegations are denied. By way of further response, Alcoa refers the Court to the entire Acquisition Agreement, including all of its terms and conditions.

       3.     The allegations in paragraph 3 state legal conclusions to which no response is required, and purport to summarize and characterize the terms of the Acquisition Agreement. To the extent a response is required, denied. By way of further response, Alcoa refers the Court to the entire Acquisition Agreement, including all of its terms and conditions.

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in Plaintiff's Complaint.

4.  Admitted in part, denied in part. Alcoa admits only that one of the Post-Signing Restructuring Actions was the 2008 Loan Transaction. Alcoa denies the remainder of the allegations in paragraph 4. By way of further response, Alcoa knew that a profit distribution could give rise to a tax liability, and for that reason structured the 2008 Loan Transaction so that it was not a profit distribution. After the Closing, Rank and its affiliates did not repay the loan (referred to herein as the "2008 Loan") as the 2008 Loan Agreement required. Instead, Rank and its affiliates disregarded the terms of the 2008 Loan Agreement to, among other things, extend the term and modify the interest rate. Further, unbeknownst to Alcoa, Rank and its affiliates never had any intention of repaying the 2008 Loan after the Closing. Rank's amendment of the 2008 Loan Agreement, together with its intention never to repay the 2008 Loan, shifted the character of the 2008 Loan Transaction from a loan to a dividend.

5.  After reasonable investigation, Alcoa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, therefore, the allegations are denied.

6.  Admitted in part, denied in part. Alcoa admits only that Rank notified it of the Tax Claim, and that Alcoa denied Rank's request for indemnification. The allegation in the first sentence of paragraph 6 states a legal conclusion to which no response is required. To the extent that a response is required, denied. After reasonable investigation, Alcoa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 6 and, therefore, those allegations are denied.

7.  The allegations in paragraph 7 state legal conclusions to which no response is required. To the extent that a response is required, Alcoa denies that it violated or failed to abide by any terms of the Acquisition Agreement, or that any action of Alcoa directly and proximately

caused damages to Rank. By way of further response, the "transfer of cash as part of the Post-Signing Restructuring Actions" referred to in paragraph 7 was undertaken for the mutual benefit of both Alcoa and Rank, and resulted in, among other things, a lower purchase price paid by Rank under the terms of the Acquisition Agreement. Rank was at all times aware that Rank and its affiliates would have responsibility after the Closing to discharge outstanding obligations such as repayment of the 2008 Loan. However, unbeknownst to Alcoa, Rank and its affiliates never had any intention of repaying the 2008 Loan after the Closing. Rank's amendment of the 2008 Loan Agreement, together with its intention never to repay the 2008 Loan, shifted the character of the 2008 Loan Transaction from a loan to a dividend.

## PARTIES

8. Admitted.

9. Admitted.

## JURISDICTION AND VENUE

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

## BACKGROUND

**The Acquisition Agreement**

15. Admitted.

16. Admitted.

3

17.     Admitted in part, denied in part. Alcoa admits only that the Acquisition Agreement was executed on December 21, 2007, that Closing occurred on February 29, 2008, and that, prior to Closing, Alcoa performed certain Post-Signing Restructuring Actions with Rank's full knowledge. Alcoa denies that the Post-Signing Restructuring Actions "were designed and undertaken for Alcoa's benefit." By way of further response, the Post-Signing Restructuring Actions were designed and undertaken for the mutual benefit of both Alcoa and Rank, and resulted in, among other things, a lower purchase price paid by Rank under the terms of the Acquisition Agreement.

**The Tax Indemnification Provisions**

18.     The allegations in paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, denied.

19.     The allegations in paragraph 19 state legal conclusions to which no response is required, and purport to summarize and characterize the terms of the Acquisition Agreement. To the extent a response is required, denied. By way of further response, Alcoa refers the Court to the entire Acquisition Agreement, including all of its terms and conditions.

20.     The allegations in paragraph 20 state legal conclusions to which no response is required, and purport to summarize and characterize the terms of the Acquisition Agreement. To the extent a response is required, denied. By way of further response, Alcoa refers the Court to the entire Acquisition Agreement, including all of its terms and conditions.

21.     The allegations in paragraph 21 state legal conclusions to which no response is required, and purport to summarize and characterize the terms of the Acquisition Agreement. To the extent a response is required, denied. By way of further response, Alcoa refers the Court to the entire Acquisition Agreement, including all of its terms and conditions.

22. Admitted in part, denied in part. Alcoa admits only that paragraph 22 contains an accurate partial quotation of Section 13.01(a)(iv) of the Acquisition Agreement. Alcoa specifically denies any other allegation, express or implied, in paragraph 22. By way of further response, Alcoa refers the Court to the entire Acquisition Agreement, including all of its terms and conditions.

23. The allegations in paragraph 23 state legal conclusions to which no response is required, and purport to summarize and characterize the terms of the Acquisition Agreement. To the extent a response is required, denied. By way of further response, Alcoa refers the Court to the entire Acquisition Agreement, including all of its terms and conditions.

**The 2008 Loan Transaction**

24. Admitted in part, denied in part. Alcoa admits only that the 2008 Loan Transaction was one of the Post-Signing Restructuring Activities outlined in Alcoa's 87-page "Restructure Plan," which was set forth in Attachment 7.03 to the Seller Disclosure Letter. Alcoa further admits that the total amount of the 2008 Loan was US$34,409,550.52, as reflected in the 2008 Loan Agreement. The remainder of the allegations in paragraph 24 state legal conclusions to which no response is required, and purport to summarize and characterize the Restructure Plan and the 2008 Loan Agreement. To the extent a response is required, denied. By way of further response, Alcoa refers the Court to the entire Restructure Plan and the 2008 Loan Agreement.

25. Denied as stated. Alcoa admits that it structured the 2008 Loan Transaction to be a one-year, non-renewable loan agreement. By way of further response, Rank was fully aware of the 2008 Loan Transaction.

26. Denied. By way of further response, Alcoa knew that a dividend or profit distribution would likely create a Chilean tax liability. Accordingly, Alcoa structured the 2008 Loan Transaction as a one-year, non-renewable loan, and did not structure the 2008 Loan Transaction as a dividend or profit distribution. By way of further response, Rank was at all times aware that Rank and its affiliates would have responsibility after the Closing to discharge outstanding obligations such as repayment of the 2008 Loan. However, unbeknownst to Alcoa, Rank and its affiliates never had any intention of repaying the 2008 Loan after the Closing. Rank's amendment of the 2008 Loan Agreement, together with its intention never to repay the 2008 Loan, shifted the character of the 2008 Loan Transaction from a loan to a dividend.

27. Admitted in part, denied in part. Alcoa admits only that the sale of the Packaging & Consumer Business closed on February 29, 2008. The remainder of the allegations in paragraph 27 state legal conclusions to which no response is required. To the extent a response is required, denied. By way of further response, Alcoa specifically denies that Rank fully performed its obligations under the Acquisition Agreement.

28. Admitted in part, denied in part. Alcoa admits that Alusud Chile and CSI LAHC amended the 2008 Loan Agreement by amendment dated January 28, 2009. Alcoa denies that Section 10 of the 2008 Loan Agreement expressly permitted the amendments executed by Rank's affiliates. By way of further response, the 2008 Loan Agreement specifically provided, among other provisions, that "[t]his agreement may not be renewed in any event."

29. Denied. By way of further response, Rank and its affiliates disregarded the terms of the 2008 Loan Agreement, and have not performed "all of their obligations" under that Agreement.

**The Imposition of the Chilean Tax**

30. Admitted in part, denied in part. Alcoa admits only that Rank provided Alcoa with written notice of the audit by letter dated October 29, 2010. The remainder of the allegations in paragraph 30 state legal conclusions to which no response is required, and purport to summarize and characterize the terms of the Acquisition Agreement and correspondence. To the extent a response is required, denied.

31. Admitted in part, denied in part. Alcoa admits only that it and Rank exchanged written correspondence relating to the Tax Claim and Rank's demand for indemnification, dated January 28, 2011 and February 2, 2011, the contents of which speak for themselves. The remainder of the allegations in paragraph 31 state legal conclusions to which no response is required, and purport to summarize and characterize written correspondence. To the extent a response is required, denied.

32. After reasonable investigation, Alcoa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and, therefore, the allegations are denied.

33. To the extent the allegations in paragraph 33 purport to characterize advice Alcoa received from tax advisors, denied. After reasonable investigation, Alcoa is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 33 and, therefore, the allegations are denied.

34. After reasonable investigation, Alcoa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and, therefore, the allegations are denied.

35. After reasonable investigation, Alcoa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and, therefore, the allegations are denied.

36. After reasonable investigation, Alcoa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and, therefore, the allegations are denied.

37. After reasonable investigation, Alcoa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, therefore, the allegations are denied.

38. After reasonable investigation, Alcoa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, therefore, the allegations are denied.

39. Admitted in part, denied in part. Alcoa admits only that SII sent Alusud Chile a final notice of review completion. The remainder of the allegations in paragraph 39 state legal conclusions to which no response is required, and purport to characterize the contents of the final notice of review completion, and, therefore, the allegations are denied.

**Alcoa's Obligation to Indemnify Rank for the Chilean Taxes**

40. Denied.

41. The allegations in paragraph 41 state legal conclusions to which no response is required. To the extent a response is required, denied.

42. The allegations in paragraph 42 state legal conclusions to which no response is required. To the extent a response is required, denied.

**Alcoa's Breaches of Its Contractual Duties**

43. Admitted in part, denied in part. Alcoa admits only that Rank provided it with written notice of the Chilean Tax and requested indemnification for that tax. The remainder of the allegations in paragraph 43 are denied.

44. Admitted in part, denied in part. Alcoa admits only that it has neither paid nor reimbursed Rank for any portion of the Chilean Tax. The remainder of the allegations in paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, denied. By way of further response, Alcoa has not refused to comply with the Acquisition Agreement, and the reasons Alcoa has given for refusing Rank's request for indemnification are not "groundless."

45. Denied.

46. Denied.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT (SECTION 13.01(a)(i))

47. Alcoa incorporates by reference its answers to all preceding paragraphs as if fully set forth herein.

48. The allegations in paragraph 48 state legal conclusions to which no response is required, and purport to summarize and characterize the terms of the Acquisition Agreement. To the extent a response is required, denied. By way of further response, Alcoa refers the Court to the entire Acquisition Agreement, including all of its terms and conditions.

49. Denied.

50. Denied.

51. Admitted in part, denied in part. Alcoa admits only that Rank demanded indemnification from Alcoa in a letter dated November 18, 2011. After reasonable investigation,

9

Alcoa is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 51 and, therefore, the allegations are denied.

52. Denied.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT
## (SECTION 13.01(a)(iv))

53. Alcoa incorporates by reference its answers to all preceding paragraphs as if fully set forth herein.

54. The allegations in paragraph 54 state legal conclusions to which no response is required, and purport to summarize and characterize the terms of the Acquisition Agreement. To the extent a response is required, denied. By way of further response, Alcoa refers the Court to the entire Acquisition Agreement, including all of its terms and conditions.

55. Denied.

56. Admitted in part, denied in part. Alcoa admits only that Rank demanded indemnification from Alcoa in a letter dated November 18, 2011. After reasonable investigation, Alcoa is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 56 and, therefore, the allegations are denied.

57. Denied.

### REQUEST FOR RELIEF

WHEREFORE, Alcoa requests that Plaintiff's Request for Relief be denied, that all costs and fees of litigation, including attorney's fees, be awarded to Alcoa, and that judgment be entered in Alcoa's favor. Alcoa further requests such other and further relief as is just and proper.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Alcoa incorporates the preceding paragraphs as if fully set forth herein.

2. Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state claims upon which relief may be granted.

3. Plaintiff's claims are barred, in whole or in part, to the extent that any alleged breach of the Acquisition Agreement by Alcoa did not directly and proximately cause damage to Plaintiff.

4. Plaintiff's claims are barred, in whole or in part, to the extent they seek to recover any sums that are outside the scope of any contractual indemnity obligation under the terms of the Acquisition Agreement.

5. Plaintiff's claims are barred, in whole or in part, to the extent they seek to recover alleged "Loss" attributable to "Taxes" imposed on or with respect to any Transferred Subsidiary with respect to any "Post-Closing Date Tax Period(s)" under the terms of the Acquisition Agreement.

6. Plaintiff's claims are barred, in whole or in part, to the extent they seek to recover alleged "Loss" attributable to "Taxes for a taxable period (or portion thereof) beginning after December 31, 2008."

7. Plaintiff's claims are barred, in whole or in part, to the extent they seek to recover alleged "Loss" attributable to Taxes imposed "for a Post-Closing Date Tax Period that would not have arisen but for any action taken by the Purchaser or any of its Affiliates (including any Transferred Subsidiary) other than in the ordinary course of business…"

8. Plaintiff's claims are barred to the extent that Plaintiff breached, violated, or failed to honor any term, condition, condition precedent, covenant, duty or other obligation under the Acquisition Agreement.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

11. Plaintiff's claims are barred, in whole or in part, by estoppel.

12. Plaintiff's claims are barred, in whole or in part, by acquiescence.

Alcoa reserves the right to amend this Answer to assert any further affirmative defenses that may by disclosed during the course of discovery or at the trial in this matter.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## REQUEST FOR RELIEF

WHEREFORE, Defendant Alcoa Inc. requests that Plaintiff's Request for Relief be denied, that all costs and fees of litigation, including attorney's fees, be awarded to Alcoa, and that judgment be entered in Alcoa's favor. Alcoa further requests such other and further relief as is just and proper.

                                              Respectfully submitted,

Dated: New York, New York  
         September 7, 2012

*s/  Peter N. Flocos*  
Peter N. Flocos  
K&L GATES LLP  
599 Lexington Avenue  
New York, NY 10022-6030  
(212) 536-3900  
(212) 536-3901 (fax)  
Email: peter.flocos@klgates.com  
and  
Thomas E. Birsic (admitted *pro hac vice*)  
Andrew R. Stanton (admitted *pro hac vice*)  
K&L GATES LLP  
K&L Gates Center  
210 Sixth Avenue  
Pittsburgh, PA 15221  
(412) 355-6500  
(412) 355-6501 (fax)  

*Attorneys for Defendant Alcoa Inc.*

## CERTIFICATE OF SERVICE

I, Peter N. Flocos, hereby certify that on September 7, 2012, I caused a true and correct copy of the foregoing Defendant Alcoa Inc.'s Answer and Affirmative Defenses to be filed electronically and served via the Court's ECF system.

s/ Peter N. Flocos
Peter N. Flocos