UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
RANK GROUP LIMITED,                               :   No. 12 cv 3769 (GBD)
:
        Plaintiff,                         :
:   ECF Case
 - against -                                    :
:
ALCOA INC.,                                       :   **DEFENDANT ALCOA INC.'S**
:   **MEMORANDUM OF LAW IN**
        Defendant.                         :   **SUPPORT OF ITS MOTION**
:   **FOR ISSUANCE OF LETTER**
:   **ROGATORY**
------------------------------------------------------------X

      Defendant Alcoa Inc. ("Alcoa") respectfully submits this Memorandum of Law in support of its Motion for Issuance of Letter Rogatory (the "Letter Rogatory") for the taking of evidence abroad from Servicio de Impuestos Internos, the Chilean Tax Authority, in connection with the above-captioned matter.[1]

## I.    BACKGROUND

      This is a breach of contract action brought by Plaintiff Rank Group Limited ("Rank") against Alcoa, in which Rank seeks indemnification from Alcoa for taxes, fines and interest assessed against its subsidiaries, Alusud Embalajes Chile Ltda. ("Alusud Chile") and CSI Latin American Holdings Corporation ("CSI LAHC"), by the Chilean Tax Authority, Servicio de Impuestos Internos ("SII"), for the 2009 Chilean tax year (the "Chilean Tax"). Rank acquired Alusud Chile and CSI LAHC (f/k/a Alcoa Latin American Holdings Corporation), among other

---

[1] A true and correct copy of the Letter Rogatory is attached to the Affidavit of Andrew R. Stanton ("Stanton Affidavit") as Exhibit A. A true and correct copy of the Letter Rogatory translated into Spanish, the official language of Chile, is attached to the Stanton Affidavit as Exhibit B. A certificate of accuracy, attesting to the accuracy of the Spanish translation, is attached to the Stanton Affidavit as Exhibit C.

subsidiaries of Alcoa that comprised the Packaging & Consumer business, in a transaction memorialized in an Acquisition Agreement dated as of December 21, 2007, and which closed on February 29, 2008 ("Closing"). Prior to Closing, Alcoa engaged in certain "Post-Signing Restructuring Actions," with Rank's knowledge, that (among other things) extracted cash from transferred subsidiaries. One of those Post-Signing Restructuring Actions was a January 2008 loan, with a non-renewable one-year term, from Alusud Chile to its direct parent, CSI LAHC (the "2008 Loan," as memorialized in the "2008 Loan Agreement"). In January 2009, Rank and its affiliates caused the 2008 Loan to be amended to extend its term to four years, among other changes to its terms and conditions (the "Loan Amendment").

On September 27, 2010 – over a year after the 2008 Loan would have been repaid in full had the terms of the 2008 Loan Agreement been followed – Alusud Chile received notification from SII that it had begun an audit of Alusud Chile for the tax years 2009 and 2010 (the "Audit"). At the conclusion of the Audit, Rank alleges that Alusud Chile and CSI LAHC paid a total of $10,139,882.24 in taxes, fines and interest for the 2009 tax year.

## II.   ARGUMENT

Federal courts have inherent authority to issue letters rogatory. *See DBMS Consultants Ltd. v. Computer Assoc. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) ("It is settled that the courts have inherent authority to issue letters rogatory."), *citing U.S. v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971) *cert. denied*, 406 U.S. 946 (1972); *U.S. v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). Consistent with that authority, Federal Rule of Civil Procedure 28(b) authorizes federal courts to issue letters rogatory for the taking of evidence abroad in connection with lawsuits pending before them. *See* FED. R. CIV. P. 28(b); *see also Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 536-

39 (1987) (holding that the Hague Convention is not the exclusive means for compelling discovery). Significantly, letters rogatory may be issued pursuant to Federal Rule 28 to countries, such as Chile, that are not signatories to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. *See, e.g., Gibbons v. Udaras na Gaeltachta*, 549 F. Supp. 1094, 1121 n. 15 (S.D.N.Y. 1982) (recognizing that Federal Rule of Civil Procedure 28(b) "permits the Court to use letters rogatory to obtain the assistance [of a non-signatory country] in compelling any recalcitrant witness to submit to a deposition"); *see also* David Levy, INTERNATIONAL LITIGATION: DEFENDING AND SUING FOREIGN PARTIES IN U.S. FEDERAL COURTS § 8.2 (2003) (explaining that a party may utilize common law letters rogatory where discovery is sought from a non-party over whom the U.S. court cannot assert personal jurisdiction and the evidence or witness is located in a state that is not a signatory to the Hague Convention).

Under Rule 28(b)(2)(A), a letter rogatory "may be issued… on appropriate terms after an application and notice of it." FED. R. CIV. P. 28(b)(2)(A). Courts routinely issue letters rogatory "where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Group, Inc.*, No. 04 Civ. 7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (granting request for issuance of letters rogatory to conduct third-party discovery in Canada); *see also Elliot Assoc., L.P. v. Republic of Peru*, No. 96 Civ. 7917 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (granting request for issuance of letters rogatory to conduct third-party discovery in England, and explaining that "[u]nder the liberal discovery provisions of the Federal Rules, parties may inquire through deposition as to matters… reasonably calculated to lead to admiss[i]ble evidence."); *Philan Ins. Ltd. v. Frank B. Hall & Co., Inc.*, No. 87 Civ. 4624 (RPP),

1992 WL 183553, at *2 (S.D.N.Y. July 21, 1992) (granting request for issuance of letters rogatory to conduct third-party discovery in Ireland because the records sought "may lead to [relevant] evidence... and may assist plaintiffs in proving damages[.]"). The decision to issue letters rogatory lies within a court's sound discretion. *See U.S. v. Rosen,* 240 F.R.D. 204, 215 (E.D. Va. 2007).

It is a central factual issue in this case whether the Loan Amendment played a role in triggering the Audit or the imposition of the Chilean Tax, and/or whether the Chilean Tax would have been imposed had the 2008 Loan been repaid in accordance with the terms of the 2008 Loan Agreement. Alcoa's Letter Rogatory seeks documents (identified in Section II(B) of the Letter Rogatory) and oral testimony (identified in Section II(C) of the Letter Rogatory) relating to the Audit and SII's assessment of the Chilean Tax. Specifically, the proposed Letter Rogatory requests the production of documents relating to the Audit and Chilean Tax and the taking of oral testimony under oath of representative(s) of SII who were involved in and/or have knowledge of the Audit and tax assessment. These documents and oral testimony are material to this case and are critical to the parties' claims and defenses.

Accordingly, Alcoa requests that the Court issue the Letter Rogatory and allow Alcoa to take evidence abroad from SII in connection with this matter.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

### III. CONCLUSION

WHEREFORE, Defendant Alcoa Inc. respectfully requests that the Court grant its motion and issue the Letter Rogatory.

Respectfully submitted,

Dated: New York, New York
September 28, 2012

*s/ Andrew R. Stanton*
Peter N. Flocos
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022-6030
(212) 536-3900
(212) 536-3901 (fax)
Email:  peter.flocos@klgates.com

and

Thomas E. Birsic (admitted *pro hac vice*)
Andrew R. Stanton (admitted *pro hac vice*)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15221
(412) 355-6500
(412) 355-6501 (fax)

*Attorneys for Defendant Alcoa Inc.*