UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RANK GROUP LIMITED,

                Plaintiff,

      -against-

ALCOA INC.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12 Civ. 3769 (GBD)

ECF Case

**CONFIDENTIALITY STIPULATION AND ORDER**

    WHEREAS the parties (the "Parties") to the above-captioned proceeding (the "Action") are currently engaged in discovery pursuant to the Federal Rules of Civil Procedure; and

    WHEREAS some information contained in documents and other discovery sought by the Parties is of a confidential and/or proprietary nature and is entitled to protection under the Federal Rules of Civil Procedure; and

    WHEREAS the purpose of this Confidentiality Stipulation and Order (the "Stipulation and Order") is to permit the Parties to disclose such documents and information to each other pursuant to procedures that are designed to protect the confidentiality of that material;

    IT IS HEREBY AGREED AND ORDERED that this Stipulation and Order shall govern the handling of documents, depositions upon oral examination, depositions upon written questions, deposition exhibits, responses to interrogatories, responses to requests for admission, responses to requests for documents, expert reports, any written, recorded, graphic or other electronic matter and any other information produced, filed with or submitted to the Court and/or

given or exchanged in this Action ("Discovery Material"), by or among any Party or non-Party providing Discovery Material (a "Producing Party"):

1.  Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information that is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure (hereinafter "Confidential Discovery Material").

2.  Any Producing Party may designate any Confidential Discovery Material as "Highly Confidential" under the terms of this Stipulation and Order if such Producing Party in good faith reasonably believes that disclosure of the Confidential Discovery Material (other than as expressly permitted pursuant to this Stipulation and Order) would harm the commercial, financial or business interests of such Producing Party or its employees, or would otherwise create an undue risk of injury to such Producing Party or its employees that would not exist in the absence of such disclosure ("Highly Confidential Discovery Material").

3.  The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall be made in the following manner:

A. In the case of documents or other materials (apart from deposition transcripts or other pretrial testimony), by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material, respectively.

B. In the case of deposition transcripts or other pretrial testimony, by (i) a statement on the record, by counsel, at or before the conclusion of the deposition or testimony; or (ii)

2

written notice, sent by counsel to all Parties within fifteen (15) business days after receipt of the transcript of the deposition or testimony; provided that only those portions of the transcripts designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be deemed Confidential Discovery Material or Highly Confidential Discovery Material, respectively. The Parties may modify this procedure for any particular deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without order of the Court. Until the fifteen business day period expires, the entirety of such transcripts shall be treated as Highly Confidential Discovery Material.

C. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material, as appropriate.

4. Inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected by providing written notice within ten (10) business days of the discovery of the inadvertent failure and designating such Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material in a manner consistent with Paragraph 3. Upon receiving such supplemental notice, the Receiving Party shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material or Highly Confidential Discovery Material, accordingly, and such Discovery Material shall be fully subject to this Stipulation and Order from the date of such notification forward. If the Receiving Party treats such Discovery Material as non-confidential before being informed that such Discovery Materials should have been designated as Confidential Discovery Material or Highly

Confidential Discovery Material, such pre-designation treatment shall not be a violation of this Stipulation and Order.

5. Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

A. Outside counsel for the Parties who are counsel of record in the Action, inside counsel for the Parties, and the paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such outside and inside counsel (including outside copying services and outside litigation support services) who are assisting in the preparation and trial of the Action;

B. Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

C. Subject to Paragraph 7 hereof, experts or consultants retained to assist counsel for the Parties, and secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting in the preparation and trial of the Action;

D. Witnesses and their counsel, only to the extent necessary to prepare for or conduct depositions or testimony in the Action;

E. The directors, officers, employees, general partners and limited partners of the Parties, or of any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Action, or who appear as witnesses or deponents;

F. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial or deposition in this Action or any appeal therefrom; and

4

G. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed; provided that such person executes an undertaking in the form attached hereto as Exhibit A.

6. Highly Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

A. Outside counsel for the Parties who are counsel of record in the Action, inside counsel responsible for the Action, and the paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such outside and inside counsel (including outside copying services and outside litigation support services) who are assisting in the preparation and trial of the Action;

B. Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

C. Subject to Paragraph 7 hereof, experts or consultants retained to assist counsel for the Parties, and secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting in the preparation and trial of the Action; and

D. an officer, director, employee, or proposed expert witness of the party that produced the Highly Confidential Material in the course of his or her deposition or other testimony in this action, as well as such witness' counsel, to the extent counsel for another named party deems necessary in order to examine such witness; *provided however*, that nothing

in this Paragraph 6.D shall restrict a Producing Party's ability to make use of its own Highly Confidential Material for any purpose, as expressly permitted by Paragraph 15 below.

E. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial or deposition in this Action or any appeal therefrom; and

F. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed; provided that such person executes an undertaking in the form attached hereto as Exhibit A.

7. Notwithstanding the above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel or the Parties, provided that such expert or consultant shall use said Discovery Material solely in connection with the Action. All experts or consultants provided with said Discovery Material must be informed, by the Party providing them with it, of the Confidential or Highly Confidential nature of the Confidential Discovery Material or Highly Confidential Discovery Material, respectively, and those experts or consultants must agree to hold said Discovery Material as Confidential or Highly Confidential, as the case may be, in accordance with the terms of this Stipulation and Order. Further, such experts or consultants must have previously executed an undertaking in the form attached hereto as Exhibit A.

8. Notwithstanding the above, Confidential or Highly Confidential Material may be disclosed to a witness not employed by, or the officer or director of, a Party only after such

witness has been informed that such material is Confidential or Highly Confidential by the party providing them with it and has executed the form attached hereto as Exhibit A.

9. Discovery Material, or information derived therefrom, shall be used solely for purposes of the Action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

10. In the event that the receiving Party files with the court any document which discloses, summarizes, describes, characterizes or otherwise communicates Confidential Discovery Material or Highly Confidential Discovery Material (a "Confidential Filing"), such Confidential Filing shall be filed under seal in accordance with the rules of the Court. All Confidential Filings filed under seal shall be available to this Court and to counsel for the Parties for viewing and/or copying. All pages of any Confidential Filing which are filed under seal shall contain a legend affixed on each page which states "**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER.**"

11. No provision in this Stipulation and Order shall require a Party to deviate from applicable court rules regarding the filing of documents under seal.

12. A redacted copy of the Confidential Filing shall be filed in the public record. If a Party contends that a court filing is improperly redacted, such Party, after good faith efforts to resolve the issue with the other Party, may move the Court, pursuant to the procedures set forth in Local Rule 37.2, for an order seeking to remove the filing it claims is improperly redacted from the record and compelling the other Party to make appropriate redactions before re-filing.

13. In the event that a Party objects to the designation of any Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material, counsel for the Parties shall attempt to resolve such dispute in good faith on an informal basis. If a resolution is not reached, the objecting Party may move pursuant to the procedures set forth in Local Rule 37.2 for an order vacating or modifying the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material, as designated, pursuant to this Stipulation and Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

14. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

A. Operate as or constitute a waiver of any attorney-client, work product or other privilege;

B. Prejudice in any way the rights of any Party to object to the production of documents or information they consider not subject to discovery;

C. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

D. Prejudice in any way the rights of any Party to seek a determination by a Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

E. Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Highly Confidential Discovery Material; or

F. Prevent any Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

15. This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as Confidential Discovery Material or Highly Confidential Discovery Material obtained lawfully by such Party independently of the discovery in the Action and not otherwise subject to confidentiality restrictions.

16. Documents falling under the protection of the attorney-client privilege or attorney work product doctrine that have been inadvertently disclosed to an opposing Party shall be treated in accordance with Fed. R. Civ. P 26(b)(5)(B). A claim of inadvertent production shall constitute a representation by that Party that the inadvertently produced document has been reviewed by an attorney for such Party and that there is a good faith basis for such claim of inadvertent production.

17. In the event any additional party joins or is joined in the Action, such party shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until such party has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by, this Stipulation and Order.

18. Non-Parties who are Producing Parties shall have the benefit of this Stipulation and Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

19. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order by the Court, and any violation of its terms during that time shall be subject to the same sanctions and penalties as if this Stipulation and Order had already been entered by the Court.

20. Within forty-five (45) days after receiving notice of the entry of an order, judgment or decree finally disposing of the Action, including any appeals therefrom, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall make commercially reasonable efforts to either (i) return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or (ii) destroy all such Confidential Discovery Material or Highly Confidential Discovery Material and certify to that fact. However, counsel for the Parties shall be entitled to retain court papers, correspondence, pleadings, deposition and trial transcripts, exhibits and attorney work product. Such retained copies will remain subject to the restrictions herein. All Discovery Materials returned to the parties or their counsel by the Court and all Discovery Material in the possession of outside copying and litigation support services likewise shall be disposed of in accordance with this Paragraph.

21. If a Party in possession of Confidential Discovery Material or Highly Confidential Discovery Material receives a subpoena or other compulsory process from a non-party to this Stipulation and Order seeking production or other disclosure of such Confidential Discovery Material or Highly Confidential Discovery Material, that Party shall, to the extent permissible by

law, give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process identifying the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Discovery Material or Highly Confidential Discovery Material called for prior to receiving a court order or the consent of the Producing Party. In the event that such Discovery Material containing Confidential Discovery Material or Highly Confidential Discovery Material is produced to the non-Party, such material shall still be treated by the Parties in accordance with the designation as Confidential Discovery Material or Highly Confidential Discovery Material.

22. No person receiving or having access to any Confidential Discovery Material or Highly Confidential Discovery Material shall reveal such Confidential Discovery Material or Highly Confidential Discovery Material, or the information contained therein, to anyone not otherwise entitled to receive such Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation and Order. If Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the Party responsible for the disclosure shall immediately inform the Producing Party of all pertinent facts relating to the disclosure, including the name, address, and employer of each person to whom the disclosure was made. The Party responsible for the disclosure shall also make reasonable efforts to prevent further disclosure of

Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.

23. This Stipulation and Order may be changed only by further agreement of all Parties in writing, subject to the approval of the Court, or by order of the Court, without prejudice to the rights of any Party to seek modification of this Stipulation and Order by application to the Court on notice to the other Parties hereto.

24. Nothing in this Stipulation and Order shall preclude any Party from seeking judicial relief, in good faith and upon notice to the other Parties, with regard to any provision hereof.

25. Absent written permission of the Producing Party or further order of the Court, the terms of this Stipulation and Order shall survive and remain in full force and effect after the termination of this Action.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**AGREED:**

DEBEVOISE & PLIMPTON LLP

By: /s/ Gary Kubek

Gary Kubek
 *gwkubek@debevoise.com*
Scott N. Auby
 *snauby@debevoise.com*
Joshua Weigensberg
 *jweigens@debevoise.com*

919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Plaintiff*

K&L GATES LLP

By: /s/ Andrew Stanton

Thomas Birsic
 *thomas.birsic@klgates.com*
Peter Flocos
 *peter.flocos@klgates.com*
Andrew Stanton
 *andrew.stanton@klgates.com*

K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
(412)355-6500

*Attorneys for Defendant*

**IT IS SO ORDERED.**

APR 09 2013

/s/ George B. Daniels
George B. Daniels
United States District Judge
**HON. GEORGE B. DANIELS**

13

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
:
RANK GROUP LIMITED, :
: 12 Civ. 3769 (GBD)
Plaintiff, :
:
-against- :
:
ALCOA INC., :
:
Defendant. :
------------------------------x

## UNDERTAKING PURSUANT TO THE CONFIDENTIALITY STIPULATION AND ORDER

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Order dated April ___, 2013, in the above-captioned action, understands the terms thereof, and agrees to be bound by those terms as if a signatory thereto. The undersigned hereby consents to the jurisdiction of the U.S. District Court for the Southern District of New York with respect to any controversy arising out of an alleged violation of the Confidentiality Stipulation and Order.

_____        _____
Date                             Signature

                                 _____
                                 Name

                                 _____
                                 Affiliation

                                 _____
                                 Title