

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

RANK GROUP LIMITED,

                      Plaintiff,

      -against-

ALCOA, INC.,

                      Defendant.

------------------------------------------------------------

12 Civ. 3769 (VSB) (RLE)

MEMORANDUM
OPINION & ORDER

**THE HONORABLE RONALD L. ELLIS, U.S.M.J.:**

## I. INTRODUCTION

On May 11, 2012, Rank Group Limited ("Rank") filed a Complaint against Alcoa, Inc. ("Alcoa"), alleging breach of contract. Rank seeks indemnification from Alcoa for a ten million dollar tax liability from the Chilean government following Rank's 2008 acquisition of Alcoa's consumer packaging business, Alusud Chile. Currently before the Court is Alcoa's request to compel production of communications between Rank and its Latin American counsel at Baker & McKenzie ("Baker"), a non-party to this case. (*See* Def. Letter dated Aug. 26, 2013 ("Def. Letter I"), Def. Letter dated Jan. 8, 2014 ("Def. Letter II.") Rank claims that the communications are protected by the attorney-client privilege, and has thus refused to produce them. (*See* Doc. No. 63.) Alcoa argues that the attorney-client privilege has been waived. (Def. Letter I at 5.) For the reasons that follow, Alcoa's request is **DENIED**.

## II. BACKGROUND

In an email dated May 13, 2008, non-party Miguel Zamora ("Zamora"), an attorney at Baker, sent an email to Marcelo Nascimbem ("Nascimbem"), an Alcoa attorney, stating the following:

> We hereby confirm our opinion that while the loans remain outstanding the possibility from the tax authority to recharacterize such loan as a covert profit

> distribution remains in existence. Such recharacterization implies an audit which has not taken place.[1]

(Def. Letter II Ex. A at 1.) Alcoa claims that, because the email was voluntarily sent from Rank's counsel to Alcoa, Rank waived the attorney-client privilege. (*See* Def. Letter II at 1.) Based on Zamora's disclosure, Alcoa seeks discovery of "all documents reflecting communications between Baker and Rank addressing the repayment of the 2008 Loan and the tax risks of not doing so." (*See* Def. Letter I at 5.) Rank argues that "Baker could not unilaterally waive Rank's attorney-client privilege by forwarding privileged communications to an Alcoa lawyer." (Pl. Letter dated Sept. 3, 2013 ("Pl. Letter") at 1.) Following a conference with the undersigned on October 31, 2013, the Court ordered Rank to produce an Affidavit from Baker concerning Baker's knowledge of the disclosure of the information.

Rank provided two sworn statement, from Leon Larrain Abascal ("Larrain Abascal"), a partner with Baker's Chilean office, and Santiago Borja ("Borja"), the former Latin American regional financial controller for Closure Systems International ("CSI"), one of Rank's subsidiaries. (Def. Letter II Exs. B, C.) In Larrain Abascal's Affidavit, he states that he does "not have a recollection," and has not "found any written evidence" of anyone at Rank or CSI "asking or authorizing me, Mr. Zamora, or anyone else at Baker to share our May 2008 communications with, or the legal advice provided" to Rank with "anyone" at Alcoa. (*See* Def. Letter II Ex. B at 2.)

Borja states in his Declaration that he "never asked or authorized Baker to forward" the communications between Baker and Rank to attorneys at Alcoa. (Def. Letter II Ex. C at 3.) He further states:

---

[1] The original email was written in Spanish. Alcoa provided an English translation to the Court, and Rank did not object to the translation.

> I never asked or authorized Baker to share its communications with, or legal advice provided to, Alusud Chile with Mr. Nascimbem or with anyone else at Alcoa. I never asked or authorized anyone else at CSI or Alusud Chile to ask Baker to share its communications with, or legal advice provided to, Alusud Chile with Mr. Nascimbem or anyone else at Alcoa.

(*Id.*) He declares that he "viewed the communications with Baker as confidential." (*Id.* at 4.)

Alcoa argues that "Rank has failed to meet its burden" of demonstrating that the attorney-client privilege was not waived because the Affidavit and Declaration "do not state that Baker engaged in an unauthorized disclosure of privileged legal advice." (Def. Letter II at 2.) Rank counters that the sworn states "satisfy Rank's burden to establish by a preponderance of the evidence that it did not authorize Baker to send Alcoa the email communications at issue, and thus did not waive the attorney-client privilege." The Court agrees with Rank.

### III. DISCUSSION

"To invoke attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). The party asserting the privilege carries the burden of proving its applicability, *see United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995), and that it has not been waived. *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 428 (S.D.N.Y. 2003). Under New York law, the burden must be met through "competent evidence, usually through affidavits, deposition testimony, or other admissible evidence." *Id.* at 428 (referencing *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 147 (2d Cir. 1987), *cert. denied*, 481 U.S. 1015 (1987); *Bowne of N.Y.C., Inc. v. AmBase Corp.*, 150 F.R.D. 465, 472 (S.D.N.Y. 1993). Therefore, Rank, as the party asserting the privilege, must show that Baker's

disclosure was unauthorized and therefore did not result in a waiver of the attorney-client privilege.

Here, the evidence submitted by Rank – an Affidavit from a partner at Baker and a Declaration from the former Latin American regional financial controller – show by a preponderance that the disclosure was unauthorized and inadvertent. The affidavit produced establishes that Larrain Abascal, who was personally involved in Rank's privileged communications with Baker in May 2008, did not authorize the production of the information, and that there was no written evidence of anyone else having authorized such disclosure. The declaration from Borja also indicates there was no authority from Alusud Chile to forward the emails in question to anyone at Alcoa. Together, the sworn statements are enough to carry the burden of showing that the disclosure was unauthorized. They persuasively demonstrate that neither person who had the authority to make the disclosure did.

Because I find that the attorney-client privilege was not waived, I also find that there was no subject matter waiver, as Defendant has suggested.

## IV. CONCLUSION

The attorney-client privilege is not waived because the disclosure of information by Zamora was inadvertent and unauthorized.

**SO ORDERED.**

**Dated: May 9, 2014**
  **New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**